UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LANETTE WILLIAMS                                                                                              PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:08CV671 DPJ-JCS

HIGHLAND HOME, LLC                                                                                        DEFENDANT

ORDER

This employment dispute is before the Court on Defendant's motion for summary judgment [16]. Plaintiff has responded in opposition. The Court, having fully considered the parties' submissions and the applicable authority, finds that Defendant's motion should be granted in part and denied in part.

I.   **Facts/Procedural History**

Plaintiff Lanette Williams began working for Defendant Highland Home, LLC, in January 2005 as a certified nurses' assistant ("CNA"). Plaintiff injured her finger/hand in a car door on January 23, 2008, received sutures in the emergency room, and was cleared to return to work January 25 with the restriction that she not lift more than ten pounds. Plaintiff contends that Defendant first offered an accommodation that was outside her normal schedule and then withdrew the offer, telling her to return when she was no longer restricted. Plaintiff was thereafter released for work without restrictions February 5, but Defendant terminated her employment for allegedly failing to provide adequate information regarding her absence.

Aggrieved by the loss of her employment, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, which was dismissed for failure to state a claim under any statute enforced by the commission. Having exhausted her administrative remedies, Plaintiff filed the subject suit alleging various state law claims as well as claims under

the Americans with Disability Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.* Defendant moved for summary judgment, this Court has personal and subject matter jurisdiction, and the motion is now ripe for consideration.

II.   **Standard**

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory

facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III. **Analysis**

    A.    Wrongful Termination

Plaintiff's wrongful termination claim (Count I) fails as a matter of law because she was an at-will employee. Under Mississippi law, an employer may terminate the employment of an at-will employee for a good reason, a bad reason, or no reason at all. *Perry v. Sears, Roebuck & Co.*, 508 So. 2d 1086, 1088 (Miss. 1988). While narrow exceptions exist, Plaintiff has not demonstrated their application.

There is no dispute that Plaintiff lacked a contract of employment. She contends, however, that liability exists under *Bobbitt v. The Orchard, Ltd.*, for Defendant's failure to follow handbook procedures. 603 So. 2d 356 (Miss. 1992). How Defendant failed to follow the handbook is not clear, but the argument fails anyway because the handbook contained appropriate waivers. *See, e.g.*, *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 848 (Miss. 2001) ("Where there is 'something' in the employee handbook disclaiming a contract of employment, the rule developed in *Bobbitt* does not apply.").

Plaintiff also asserts that she did not receive the employee handbook and that forcing her to sign an acknowledgment of receipt constitutes a contract of adhesion. For starters, the language preserving at-will status was reproduced on the acknowledgment Plaintiff admits signing. Ex. 2 to Def.'s Motion. In addition, Plaintiff offers no authority for her adhesion argument. Despite many opportunities to reconsider the at-will employment doctrine, the

Mississippi Supreme Court has crafted only "two narrow exceptions . . . to this longstanding, common-law rule." *Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1047 (Miss. 2007). Plaintiff's adhesion argument actually contradicts the notion of at-will employment, and the Court's own research revealed no suggestion that Mississippi would consider adding this new exception. Defendant's motion is granted as to Plaintiff's state law termination claim.

B. FMLA

Plaintiff's FMLA claim (Count II) presents a jury question. The FMLA provides protected medical leave for eligible workers with "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The parties agree that Defendant is a statutory employer and that Williams qualifies as an eligible employee due to her tenure and hours worked. The dispute presented in Defendant's motion is whether Plaintiff suffered a "serious health condition."

Section 2611(11)(B) defines "serious health condition" in relevant part to mean "an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." *See also* 29 C.F.R. § 825.113(a). The Department of Labor ("DOL") defines "continuing treatment" in 29 C.F.R. § 825.115 as existing in the following relevant circumstances:

> (a) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
>
> > (1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or

4

by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider.[1]

Defendant contends that Plaintiff cannot show incapacity or that she received treatment two or more times within 30 days of the first day of incapacity.

The Fifth Circuit has often stated that "FMLA coverage applies only to health conditions that cause or threaten to cause 'incapacitation' and where absence from work is 'necessary.'" *Ford-Evans v. United Space Alliance LLC,* 329 F. App'x 519, 528 (5th Cir. 2009) (citing *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 581-82 (5th Cir. 2006); *Murray v. Red Kap Indus., Inc.,* 124 F.3d 695, 698 (5th Cir. 1997); *Price v. Marathon cheese Corp.*, 119 F.3d 330, 335 (5th Cir. 1997)). Again, the DOL regulations offer helpful guidance, defining "incapacity" to mean "inability to work, attend school *or* perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." 29 C.F.R. § 825.113(b) (emphasis added).

The record in the present case contains the following proof related to Plaintiff's claimed incapacity. First, Plaintiff attached a doctor's note releasing her to work on January 25, 2008 with a restriction that she not lift more than ten pounds. Second, she offered the following testimony regarding her ability to perform her job with this lifting restriction:

> Q. Okay. All right. And you were told that there was not any light duty available for you to do with the restriction you had. Is that right?
>
> A. Yes.

---

[1] The DOL regulations are promulgated pursuant to 29 U.S.C. § 2654 and are given considerable weight unless "arbitrary, capricious, or manifestly contrary to the statute." *Chevron v. Natural Res. Def. Council*, 467 U.S. 837, 844 (1984).

> Q. Okay. And you'd agree with me that because of those restrictions, you couldn't do the job that you were hired to do as a CNA at that time anyway?
>
> A. Yes, sir. With the lifting part, yes, sir.

Ex. 1 to Pl.'s Mem. [19] at 33. Third, she declined to work another shift in a different position because it conflicted with classes she attended throughout this time. Fourth, after rejecting the temporary reassignment, Plaintiff was told that she could not return to work until after all restrictions were lifted. Plaintiff described the exchange as follows:

> Q. Okay. Now, when you presented to the facility on January 28th with your restrictions, can you explain to us what happened, the conversations? What happened when you went to the facility?
>
> A. . . . [Sherry Perrin] was looking over the doctor's restrictions and that's when Reesheda Rymes walked in, and they both was trying to find out how can I – how could they – what could they do to provide me with light-duty work on the 11 to seven shift. But then they both, you know, looked at each other and was saying, "Well, there's really nothing you can basically do."

*Id.* at 84-85. Fifth, Plaintiff presented a note lifting her restrictions on February 5, 2008.

As for the number of treatments, Plaintiff testified that she received sutures in the emergency room shortly after the accident. Ex. 1 to Def.'s Mem. [16] at 14. The medical records also indicate that she was to return in ten (10) days for follow up and suture removal. Plaintiff further testified that she returned to the doctor on January 31, but was informed by the doctor that she would not remove the sutures. *Id.* at 76. On February 5, Plaintiff was released for work without restrictions. While Plaintiff could have done a better job establishing a second visit within the first 30 days, there is at least circumstantial evidence that the sutures were removed prior to her release on February 5.

Factual controversies must be resolved in favor of the nonmovant." *Little*, 37 F.3d at 1075. Moreover, the Court may "not make credibility determinations or weigh the evidence."

*Reeves*, 530 U.S. at 150. Whether Plaintiff was incapacitated during the time she was prohibited from working is a question of fact for the jury. *See generally Ladner v. Hancock Med. Ctr.*, 299 F. App'x 380, 381 (5th Cir. 2008) (affirming jury verdict in favor of plaintiff and noting that jury could evaluate the credibility of witnesses and weigh the evidence on question of "serious health condition"). Accordingly, summary judgment is denied as to this claim.

        C.        Disability Discrimination

Plaintiff's ADA claim (Count III) fails as a matter of law because she is not "disabled." To state a prima facie case under the ADA, Plaintiff must prove that "she is disabled, has a record of having a disability, or is regarded as disabled." *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000). The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;" "(B) a record of such an impairment;" or "(C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

The act, as interpreted, distinguishes between temporary injuries and impairments of longer duration. According to the EEOC Compliance Manual, impairment that "substantially limits or is expected to substantially limit a major life activity and whose 'duration is indefinite and unknowable or is expected to be at least several months' qualifies as a disability under the ADA." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 618 (5th Cir. 2009) (quoting Duration and Impact of Impairment, EEOC Compliance Manual (2007) § 902.4(d), available at http://www.eeoc.gov/policy/docs/902 cm.html). "In contrast, 'temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not

disabilities.'" *Id.* at 619 (quoting 29 C.F.R. § 1630.2(j)) (citing *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)).

In the present case, Plaintiff injured her finger/hand in a car door, but she was released for work without restrictions less than two weeks later. She has presented no evidence whatsoever as to any impairment of an extended duration, and she readily describes her injury as "temporary." Summary judgment is appropriate as to Plaintiff's ADA claim. *See, e.g., Haralson v. Campuzano*, No. 08-50484, 2009 WL 4885090, at *5 (5th Cir. Dec. 15, 2009) (holding that conditions related to cancer and cancer treatment were temporary and not a disability) (citations omitted).

  D. Abandoned Claims

Counts IV, V, VI, VII, and VIII of Williams' Complaint assert various theories for recovery, including intentional and/or negligent infliction of emotional distress, negligent hiring, negligent supervision, negligence, and punitive damages. Plaintiff offered no response to Defendant's motion for summary judgment as to these claims. The claims appear to have been abandoned, and Defendant's motion otherwise appears meritorious.

The Court has considered all of the parties' arguments. Those not expressly addressed would not alter this ruling.

IV. **Conclusion**

Based on the foregoing, the Court finds that Defendant's motion should be denied as to Plaintiff's FMLA claim but otherwise granted.

**SO ORDERED AND ADJUDGED** this the 19th day of January, 2010.

                                                   s/ *Daniel P. Jordan III*
                                                   UNITED STATES DISTRICT JUDGE